

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-21-2008

# Gordon v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4961

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Gordon v. USA" (2008). *2008 Decisions.* Paper 1182.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1182

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Nos. 06-4961, 06-4962, 06-4963, 06-4964, 06-4970, & 07-1624

———————

MICHAEL LEE GORDON,
                                        Appellant

v.

UNITED STATES OF AMERICA

———————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Civil Action Nos. 06-cv-00201, 06-cv-01338,
06-cv-01394, 06-cv-01509, 05-cv-02494, 06-cv-01477
(Honorable William J. Nealon)

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 14, 2008

Before: SCIRICA, Chief Judge, HARDIMAN and STAPLETON, Circuit Judges.

(Filed: May 21, 2008)

———————

OPINION OF THE COURT

———————

PER CURIAM.

        Michael Lee Gordon appeals from several orders of the United States District

Court for the Middle District of Pennsylvania dismissing his civil actions against the

United States.  For the foregoing reasons, we will grant the United States' motion for

summary affirmance.

Gordon, a former inmate at USP-Allenwood,[1] filed six complaints in federal court against officials there alleging violations of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, with regard to his personal property. In each of the cases, he alleged that, at different times, Bureau of Prisons ("BOP") personnel confiscated items that belonged to him, and that they either failed to return the items, destroyed them, or gave them to another inmate.[2] In each of the cases, the Magistrate Judge recommended that the complaint be dismissed for lack of subject matter jurisdiction because prison officials were exempt from liability under the FTCA under 28 U.S.C. § 2680(c). That subsection provides an exception to the government's waiver of liability for "[a]ny claim arising in respect of . . . the detention of goods, merchandise, or other property by any law enforcement officer." Id. The District Court agreed that it lacked subject matter jurisdiction and it dismissed the lawsuits. Gordon filed these appeals.[3]

---

[1] Gordon is presently confined at USP-Victorville in California.

[2] Gordon's complaints alleged that prison officials: confiscated 25 books of U.S. stamps (M.D. Pa. Civ. No. 05-cv-2494); confiscated and destroyed 40 books of stamps (M.D. Pa. Civ. No. 06-cv-0201); failed to complete requested copy work but charged his account (M.D. Pa. Civ. No. 06-cv-1338); confiscated and destroyed his Star of David medallion (M.D. Pa. Civ. No. 06-cv-1394); confiscated his law dictionary (M.D. Pa. Civ. No. 06-cv-1477); and confiscated law books and gave them to another inmate (M.D. Pa. 06-cv-1509).

[3] His appeals were consolidated and proceeded under C.A. No. 06-4961. We stayed the appeals pending the outcome of a United States Supreme Court case dealing with the exception from liability under 28 U.S.C. § 2680(c). See Ali v. Federal Bureau of Prisons, – S. Ct.–, No. 06-9130, 2008 WL 169359 (Jan. 22, 2008).

Summary action is warranted when "no substantial question" is presented by the appeal or when subsequent precedent warrants such action. See 3d Cir. LAR 27.4, I.O.P. 10.6. In this instance, summary affirmance is entirely appropriate because the United States Supreme Court has recently held that the exception under § 2680(c) broadly applies to all law enforcement officers. See Ali v. Federal Bureau of Prisons, – S. Ct.–, No. 06-9130, 2008 WL 169359 (Jan. 22, 2008). Because Congress has not waived the United States' sovereign immunity for Gordon's claims, the District Court properly dismissed the lawsuits for lack of subject matter jurisdiction.

We will grant the United States' motion for summary affirmance. Gordon's motion to request pre-argument conference/mediation is denied.