

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-29-2008

# Jackson v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4628

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Jackson v. USA" (2008). *2008 Decisions.* Paper 39.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/39

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-121                                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4628
_____

GRADY JACKSON, JR.,
                              Appellant

v.

UNITED STATES OF AMERICA

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 06-cv-00154)
District Judge:  Honorable Sean J. McLaughlin

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 30, 2008
Before:  MCKEE, RENDELL and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed   December 29, 2008 )
_____

OPINION
_____

PER CURIAM

     Grady Jackson, Jr. appeals the District Court's order granting appellee's motion to

dismiss his complaint.  The procedural history of this case and the details of Jackson's

claims are well known to the parties, set forth in the District Court's thorough opinion,

and need not be discussed at length. Briefly, Jackson filed a complaint under the Federal Tort Claims Act alleging that several items of his property went missing when he was transferred to the Special Housing Unit. The District Court granted appellee's motion to dismiss and declined to exercise jurisdiction over any negligence claims arising under state law. Jackson filed a timely notice of appeal, and we have jurisdiction under 28 U.S.C. § 1291.

The District Court held that Bureau of Prisons officers were "law enforcement officers" under 28 U.S.C. § 2680(c). That section provides an exception to the United States' waiver of sovereign immunity for claims arising from the detention of property by law enforcement officers. The Supreme Court recently held the same in Ali v. Federal Bureau of Prisons, No. 06-9130, — S.Ct. —, 2008 WL 169359 (Jan. 22, 2008).[1] Because the United States has not waived its sovereign immunity for Jackson's claims, the District Court did not err in dismissing Jackson's complaint for lack of subject-matter jurisdiction.

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order. See Third Circuit I.O.P. 10.6. Appellee's motion to stay the appeal is denied as moot.

---

[1] In Ali, a federal prisoner who had been transferred to a new prison alleged that several items of property were missing from his bags.