

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-5-2009

# Ikelionwu v. Nash

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4396

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Ikelionwu v. Nash" (2009). *2009 Decisions.* Paper 1398.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1398

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-143                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4396
_____

MICHAEL IKELIONWU,
Appellant

v.

WARDEN JOHN NASH;
UNITED STATES OF AMERICA

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 06-cv-00625)
District Judge:  Honorable Robert B. Kugler

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 26, 2009

Before: RENDELL, HARDIMAN and STAPLETON, <u>Circuit</u> <u>Judges</u>

(Filed:  May 5, 2009)
_____

OPINION OF THE COURT
_____

PER CURIAM

        Michael Ikelionwu, a prisoner proceeding <u>pro</u> <u>se</u>, filed a complaint under the

Federal Tort Claims Act ("FTCA") seeking damages for personal property allegedly

misplaced by Bureau of Prisons ("BOP") officials. Ikelionwu appeals from the District Court order dismissing his complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because the appeal does not present a substantial question, we will summarily affirm. See 3d Cir. LAR 27.4; 3d Cir. IOP 10.6.

## I

In February 2005, Ikelionwu filed an administrative tort claim with the BOP, seeking damages in the amount of $20,000,000 for the loss of his personal property and legal documents, which were allegedly misplaced during his transfer from F.C.I. Fort Dix to F.C.I. Allenwood. The BOP offered Ikelionwu $150 to settle the claim, which he rejected. Ikelionwu then filed a FTCA claim against John Nash, the warden at F.C.I. Fort Dix, in federal district court and subsequently amended his complaint to include the United States as a defendant.

In March 2008, Defendant-Appellee Nash filed a Rule 12(b)(1) motion to dismiss, alleging that the Supreme Court's recent decision in Ali v. Fed. Bureau of Prisons, 128 S. Ct. 831 (2008), deprived the District Court of jurisdiction over the case. The District Court agreed and dismissed the complaint. Ikelionwu filed a timely notice of appeal.

## II

The District Court dismissed Ikelionwu's complaint pursuant to Fed. R. Civ. P. 12(b)(1), reasoning that the doctrine of sovereign immunity bars Ikelionwu's claim under

the FTCA. The FTCA provides "a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." United States v. Orleans, 425 U.S. 807, 813 (1976). This waiver includes "claims . . . for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of" a government employee. 28 U.S.C. § 1346(b)(1). However, an exception to the waiver of immunity applies to claims against "law enforcement officers" arising from the "detention of any goods, merchandise, or other property." 28 U.S.C. § 2680(c). BOP officials accused of misplacing prisoner property fall within the ambit of § 2680(c). See Ali, 128 S. Ct. at 835. Accordingly, the District Court correctly concluded that it lacks subject matter jurisdiction based on the doctrine of sovereign immunity.

Ikelionwu argues that sovereign immunity is waived in his case because 1) the BOP settlement offer informed him that he could institute a suit against the United States if he did not accept the settlement; and 2) Defendant-Appellee Nash admitted in his first motion to dismiss that Ikelionwu's suit was properly filed under the FTCA. Because "neither courts nor government officials can effectuate" a waiver of sovereign immunity, Governor of Kansas v. Kempthorne, 516 F.3d 833, 844 (10th Cir. 2008), we agree with the District Court that Ikelionwu's arguments lack merit. Accordingly, we summarily affirm the judgment of the District Court.

3