**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 14, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GEOFFREY L. RASHAW-BEY,

     Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

     Defendant-Appellee.

No. 09-3190
(D.C. No. 08-CV-3287-SAC)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

Geoffrey L. Rashaw-Bey, a federal prisoner, alleges that he lost over $200 worth of property when federal prison officials mishandled his belongings while they were transferring him between prison units. In an attempt to recover damages for the loss of his property, Mr. Rashaw-Bey filed a negligence claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80. The FTCA

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

waives the United States' sovereign immunity for certain torts committed by federal officials in the scope of their employment.

This, however, is not one of them. The FTCA specifically retains sovereign immunity for cases involving detention of goods by any "law enforcement officer." *Id.* at § 2680(c). The Supreme Court recently interpreted § 2680(c) to cover claims that prison officials mishandled prisoners' property. *See Ali v. Fed. Bureau of Prisons*, 128 S. Ct. 831, 841 (2008). We agree with the district court that *Ali* squarely applies to Mr. Rashaw-Bey's claim. *See* D. Ct. Order of June 25, 2009, at 5. Consequently, there is no subject matter jurisdiction for federal courts to consider his claim under the FTCA.

In an effort to avoid this conclusion, Mr. Rashaw-Bey raises three other arguments. None warrants reversal. First, Mr. Rashaw-Bey argues that he should have been able to name the prison guards as individual defendants, rather than have to sue the United States. This argument fails because the government is statutorily authorized to have itself substituted as the named defendant in FTCA suits. 28 U.S.C. § 2679(d)(1). Second, he argues that the court would have had jurisdiction if it had granted his motion to keep the individual prison guards as the named parties in the suit. Yet, nothing in the FTCA's detention exception turns on whether the named defendant is a federal official or the United States. Third, Mr. Rashaw-Bey argues that the U.S. Attorney's request for dismissal of the case was unwarranted because the Attorney General's office is not aware of this case.

But whether the Attorney General or his immediate office is aware of this case is neither here nor there.  The U.S. Attorney has sought dismissal of a suit filed against the United States, and the federal courts are not statutorily authorized to entertain it.

For these reasons, we affirm the district court's dismissal.   Mr. Rashaw-Bey is reminded that, as a party proceeding *in forma pauperis*, he is obligated to continue making appropriate payments until he has paid his litigation fees in full.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge