**Michael A. FEASTER, Appellant**

v.

**FEDERAL BUREAU OF PRISONS;
David Childress, Unit Manager;
Frank Strada; Troy Williamson, Warden; Henry Sadowski.**

No. 09–3750.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action
Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 Dec. 17, 2009.

Opinion filed Feb. 18, 2010.

Michael A. Feaster, Tucson, AZ, pro se.

Michael J. Butler, Esq., Office of United States Attorney, Harrisburg, PA, for Appellee.

Before: MCKEE, RENDELL and CHAGARES, Circuit Judges.

OPINION

PER CURIAM.

Michael Feaster, a federal prisoner proceeding pro se, appeals from the dismissal of his lawsuit alleging violations of the Federal Tort Claims Act ("FTCA"). For substantially the same reasons provided by the District Court, we will affirm.

In August 2008, Feaster filed a complaint alleging that items from his personal property were lost when he was transferred from USP–Lewisburg to USP–Tucson. After his administrative tort claim was denied, Feaster filed the instant lawsuit against the Federal Bureau of Prisons ("BOP"), various officials employed at USP–Lewisburg, and Henry Sadowski, the Northeast Regional Counsel for BOP (collectively, "Defendants"). Feaster alleged that defendants were liable under the FTCA for losing his property and sought damages totaling $5,657.40.

Defendants filed a motion to dismiss, or in the alternative, a motion for summary judgment. In the motion, defendants treated Feaster's complaint as separate causes of action, one based on the FTCA and the other based on *Bivens v. Six*

*Unknown Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The District Court determined that it was clear from the face of Feaster's complaint that he had lodged a singular cause of action under the FTCA and denied defendants' motion on the *Bivens* theory as moot. With respect to Feaster's FTCA claim, the court found that such a claim be properly lodged only against the United States of America, and dismissed the individually named defendants to substitute the United States as the only proper party. Relying on 28 U.S.C. § 2680(c), the District Court found that Feaster cannot maintain an FTCA claim against the United States and dismissed the case in its entirety. Feaster timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. We will summarily affirm if the appeal presents no substantial question. *See* 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6. Our review is plenary. *See Miller v. Fortis Benefits Ins. Co.,* 475 F.3d 516, 519 (3d Cir.2007).

The only proper defendant in an FTCA suit is the United States itself. *See* 28 U.S.C. § 2671 et seq. The FTCA waives the United States' sovereign immunity for claims arising out of torts committed by federal employees "under circumstances where . . . a private person . . . would be liable" under applicable state tort law. *See* 28 U.S.C. § 1346(b)(1). But the FTCA exempts from this waiver "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." § 2680(c). The United States Supreme Court recently held that claims against corrections officers who are accused of mishandling an inmate's property fall with the FTCA's exception to the United States' waiver of sovereign immunity. *See Ali v. Fed. Bureau of Prisons,* 552 U.S. 214, 216, 227–28, 128 S.Ct. 831, 169 L.Ed.2d 680 (2008). Therefore, the District Court properly found that Feaster's claims are barred by the exception found in § 2680(c). *See id.; see also Kosak v. United States,* 465 U.S. 848, 854, 104 S.Ct. 1519, 79 L.Ed.2d 860 (1984) (holding that phrase "any claim arising in respect of" the detention of goods means any claim "arising out of" the detention of goods, and includes a claim resulting from negligent handling or storage of detained property).

Accordingly, as the appeal presents no substantial question, we will summarily affirm and deny Appellant's motion for appointment of counsel as moot.