**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 22, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHARLES D. FRIEDMAN,

      Plaintiff - Appellant,

v.

JOEY BARAJAS, individually and in his official capacity as Deputy United States Marshal,

      Defendant - Appellee,

and

UNITED STATES OF AMERICA,

      Defendant.

No. 11-4192
(D.C. No. 2:09-CV-00227-TC)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Plaintiff-Appellant Charles Friedman, a federal inmate proceeding pro se, appeals from the district court's order granting summary judgment in favor of Defendant-Appellee, a deputy U.S. marshal. Friedman v. United States, No. 2:09–CV–227 TC, 2011 WL 5118300 (D. Utah Oct. 27, 2011). The parties are familiar with the facts and we need not restate them here. On appeal, Mr. Friedman argues that the district court erred in dismissing his Fifth Amendment due process claim and First and Fifth Amendment court access claim, all arising from the loss of his property which occurred incident to a prison transfer.

We affirm the district court's judgment on the grounds that the summary judgment evidence, even in the light most favorable to Mr. Friedman, could not support a finding that the deputy marshal intentionally deprived him of his property.[1] Nor could it support a judgment that Mr. Friedman was denied access to the courts based upon the loss of his legal materials, as he cannot prove actual injury or substantial prejudice in pursuing contemplated legal action. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252–56 (1986).

---

[1] The district court also concluded that Mr. Friedman has an adequate post-deprivation remedy under the Federal Tort Claims Act. Friedman, 2011 WL 5118300, at *6. As the government recognizes, the FTCA does not provide an adequate remedy. Aplee. Br. at 14 (citing Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 217–19, 227–28 (2008) (holding that the FTCA excepts from its waiver of the federal government's sovereign immunity any property claim against law enforcement)). In light of our disposition, we need not pursue this theory further.

We take as true, as we must, that the deputy marshal, upon repeatedly being asked for an itemized property receipt by Mr. Friedman while he was being transported to the Salt Lake County jail, stated "How about I just dump this crap in the trash and we won't have to worry about it?" 1 R. 381–82. Further, we accept that the deputy marshal asked Mr. Friedman "So, what's your beef with Aramark and the jail here?" and Mr. Friedman explained his theory that he was being fed non-kosher food. Id. at 380. We also take as true that, weeks later, the deputy marshal returned two volumes of the Sentencing Guidelines to Mr. Friedman's lawyer. Id. at 389. Because it is uncontroverted, we assume that Mr. Friedman's property, including his papers, was delivered to the U.S. Marshals Service ("USMS") office where it was stored and apparently went missing. Id. at 69 (Prisoner Property Sheet); 212–13 (Barajas); 231–32 (Charters). No significantly probative evidence suggests that the deputy marshal (who had no further responsibility for Mr. Friedman's property) personally participated in intentionally destroying his legal papers.[2] See Daniels v. Williams, 474 U.S. 327, 328 (1986); Simkins v. Bruce, 406 F.3d 1239, 1242 (10th Cir. 2005). Mr. Friedman admits, as he must, that he simply was not present when the material went missing. 1 R. 285. That the procedures concerning storage and disposal of

---

[2] Mr. Friedman, with the assistance of the USMS, was able to replace 14 of the 18 categories of lost property. See 1 R. 288, 292–93.

personal property may have been wanting does not move this case beyond negligence.

Insofar as the access to the courts claim, we must disagree with the district court that Mr. Friedman has shown prejudice. See Lewis v. Casey, 518 U.S. 343, 351 (1996). While Mr. Friedman certainly need not show that he would prevail, we are at a loss as to how Mr. Friedman's potential lawsuit was actually hindered as he alleged, 1 R. 19. See Gee v. Pacheco, 627 F.3d 1178, 1191 (10th Cir. 2010); Peterson v. Shanks, 149 F.3d 1140, 1145 (10th Cir. 1998). As set out in his declaration, Mr. Friedman knows the facts of his claims (as did his lawyer, 1 R. 388) and that certainly would be sufficient to file a lawsuit and then seek discovery. See id. at 383–84. The fact that Mr. Friedman might not be able to substantiate all of his claims at the outset, id. at 384, due to the loss of his legal materials misunderstands the legal process. Moreover, claims of this nature have been frequently litigated and nothing suggests that Mr. Friedman or his counsel could not re-access such cases. Finally, as discussed above, evidence of intentional and deliberate conduct by this defendant (required to state a denial of access to the courts claim) is wanting. See Bruce, 406 F.3d at 1242.

AFFIRMED. We GRANT Mr. Friedman's motion to proceed IFP, but we remind him that he is obligated to make partial payments until the filing fee is paid in full.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge