NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 19, 2015[*]
Decided March 20, 2015

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 14-3058 | Appeal from the United States District Court |
| MUFID ABDULQADER, *Plaintiff-Appellant*, | for the Southern District of Indiana, Terre Haute Division. |
| *v.* | No. 2:13-cv-0207-WTL-WGH |
| UNITED STATES OF AMERICA, *Defendant-Appellee*. | William T. Lawrence, *Judge*. |

**O R D E R**

Mufid Abdulqader, a federal prisoner, sued the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. 1346(b), alleging that the Bureau of Prisons negligently lost some of his legal papers, religious items, and other personal belongings when he was transferred from USP Marion to FCI Terre Haute in May 2012. Before the government had answered his complaint, Abdulqader served the United States with a request for admission, *see* FED. R. CIV. P. 36, asking the government to admit that his claim "is in fact a valid claim and this Plaintiff is unquestionably entitled to all of the

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

sums so claimed for therein." The United States never responded. Instead, it moved to dismiss the suit for lack of subject-matter jurisdiction because, the government argued, the FTCA does not waive the government's sovereign immunity for cases involving lost or destroyed prisoner property. Abdulqader countered that the government had waived its sovereign immunity by admitting—i.e., ignoring his request for admission—the validity of his claim. *See* FED. R. CIV. P. 36(a)(3). The district court agreed with the government that Abdulqader's claim is barred by sovereign immunity but clarified that a dismissal on that ground is for failure to state a claim for relief, *see* FED. R. CIV. P. 12(b)(6), not lack of jurisdiction, *see* FED. R. CIV. P. 12(b)(1).

Abdulqader contests this ruling on appeal. But the district court correctly concluded that although subject-matter jurisdiction was secure, *see Smoke Shop, LLC v. United States*, 761 F.3d 779, 782 n.1 (7th Cir. 2014); *Williams v. Fleming*, 597 F.3d 820, 823–24 (7th Cir. 2010), Abdulqader's claim is barred by sovereign immunity. In enacting the FTCA, Congress waived the United States' sovereign immunity for suits alleging injury—including the loss of property—attributable to negligence on the part of federal employees acting within the scope of their employment. *See* 28 U.S.C. §§ 1346(b)(1), 2671–2680; *Furry v. United States*, 712 F.3d 988, 992 (7th Cir. 2013); *On-Site Screening, Inc. v. United States*, 687 F.3d 896, 898 (7th Cir. 2012). But in *Ali v. Federal Bureau of Prisons*, 552 U.S. 214 (2008), the Supreme Court held that § 2680(c) excludes from this waiver claims involving the negligent handling of detained property by law-enforcement officers, which includes prison guards. *Id.* at 216, 228; *see Kosak v. United States*, 465 U.S. 848, 854 (1984); *Parrott v. United States*, 536 F.3d 629, 635–36 (7th Cir. 2008). Indeed, on strikingly similar facts, the Court concluded in *Ali* that sovereign immunity blocked an inmate's suit alleging that the Bureau of Prisons lost personal property during a prison transfer. 552 U.S. at 216–17, 227–28. Reinstating Abdulqader's suit would run afoul of *Ali*.

Nevertheless, Abdulqader insists that the government waived its sovereign immunity by not responding to his request for admission. Yet, a "waiver of sovereign immunity cannot be implied but must be unequivocally expressed," *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (internal quotation marks and citation omitted); *see Edwards v. U.S. Dep't of Justice*, 43 F.3d 312, 317 (7th Cir. 1994), and any expression of waiver will be strictly construed in the government's favor, *Lane v. Pena*, 518 U.S. 187, 192 (1996); *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 34 (1992). The government's unresponsiveness to Abdulqader's Rule 36 request does not meet this standard. Anyway, Rule 36 does not encompass demands—like Abdulqader's—for legal conclusions. *See* FED R. CIV. P. 36(a)(1)(A) (limiting scope of admissions to "facts, the

application of law to fact, or opinions about either"); *United States v. Petroff-Kline,* 557 F.3d 285, 293 (6th Cir. 2009); 8B CHARLES ALLEN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE & PROCEDURE § 2255 & n.7, pp. 334–36 (3d ed. 2010).

AFFIRMED.