DLD-163                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1464
_____

TIMOTHY RYAN,
                                        Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:23-cv-20815)
District Judge:  Honorable Karen M. Williams

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

August 1, 2024
Before:  JORDAN, PORTER, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed:  August 8, 2024)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**PER CURIAM**

Appellant Timothy Ryan, proceeding pro se, appeals from the District Court's dismissal of his complaint and subsequent denial of his motion for reconsideration. We will summarily affirm.

Ryan filed suit in state court against the Federal Correctional Institute at Fort Dix, alleging that prison employees mishandled and lost his property during a prison move.[1] He sought compensatory damages. Because a tort claim against a federal agency must be brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C §§ 1346, 2671 et seq., the exclusive jurisdiction for which is federal district courts, id. at § 1346(b)(1), the Government removed the case to federal court pursuant to 28 U.S.C. § 1442(a)(1).[2] The District Court denied Ryan's request to remand, screened the complaint pursuant to 28 U.S.C. § 1915A, and dismissed it with prejudice as barred by sovereign immunity. Ryan filed a motion for reconsideration, which the District Court denied. He filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's sua sponte dismissal is plenary, Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020), and we review the denial of the motion for reconsideration for abuse of discretion, Santini v.

---

[1] Ryan alleged that he submitted an administrative tort claim prior to filing the complaint.

[2] The United States of America was substituted as defendant, pursuant to 28 U.S.C. §§ 1346(b)(1) and 2679(a). See CNA v. United States, 535 F.3d 132, 138 n.2 (3d Cir. 2008) ("The Government is the only proper defendant in a case brought under the FTCA.").

Fuentes, 795 F.3d 410, 416 (3d Cir. 2015). We review de novo the District Court's denial of remand. U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002). Upon review, we will affirm because no substantial question is presented on appeal. See 3d Cir. L.A.R. 27.4.

We agree with the District Court's dismissal of Ryan's complaint. The FTCA grants jurisdiction to district courts, and waives federal sovereign immunity over, "claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). But the FTCA exempts from that waiver claims regarding the detention of property by "any officer of customs or excise or any other law enforcement officer." Id. at § 2680(c). That exception to the general waiver of sovereign immunity "sweeps as broadly as its language suggests," and applies to correctional officers' loss of a prisoner's items during a prison move.[3] Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 216, 226-28 (2008). The District Court thus correctly dismissed Ryan's FTCA claim as barred by sovereign immunity.

We also agree with the District Court's decisions to deny Ryan's request to remand and motion for reconsideration because Ryan did not present a basis for either.

---

[3] Because Ryan's property was not "seized for the purpose of forfeiture," the exception to § 2680(c) does not apply. 28 U.S.C. § 2680(c)(1).

3

<u>See</u> 28 U.S.C § 1346(b)(1); <u>Papp v. Fore-Kast Sales Co., Inc.</u>, 842 F.3d 805, 811-12 (3d Cir. 2016) (explaining the requirements for removal pursuant to § 1442(a)); <u>Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999).

Accordingly, we will affirm the District Court's judgment.