# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SHYNEIKA D. TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| RONALD KILLEN, TALLEY | ) | C.A. No. N22C-03-068 CLS |
| BROTHERS, INC., MAZDA | ) | |
| MOTOR CORPORATION, and | ) | |
| MAZDA MOTOR OF AMERICA, | ) | |
| INC. | ) | |
| | ) | |
| Defendants. | ) | |

Date Submitted: June 23, 2026
Date Decided: June 25, 2026

## **ORDER**

This 25th day of June 2026, upon consideration of Plaintiff Shyneika Taylor's ("Plaintiff") Motion for a Protective Order,[1] Defendants Ronald Killen's and Talley Brothers, Inc.'s Response in Support of Plaintiff's Motion,[2] and Defendant Mazda Motor of America, Inc.'s ("Mazda") Response in Opposition,[3] it appears to the Court that:

---

[1] Pl.'s Mot. for a Protective Order, D.I. 210 ("MPO").
[2] Defs. Ronald Killen's and Talley Brothers, Inc.'s Resp. to Pl.'s MPO, D.I. 211 ("Killen Resp.").
[3] Def. Mazda Motor of America, Inc.'s Resp. to Pl.'s MPO, D.I. 213 ("Mazda Resp.").

1. This case arises from severe injuries Plaintiff sustained in a motor vehicle collision in December 2021.[4] Plaintiff filed this lawsuit on March 7, 2022.[5]

2. The Trial Scheduling Order ("TSO") of February 14, 2025, establishes a trial date of May 19, 2026, and a pre-trial conference date of April 22, 2026.[6] On April 11, 2025, the Court granted the parties stipulation to amend the TSO, which extended the expert reports and discovery deadlines.[7]

3. On April 6, 2026, Mazda filed a Motion to Amend the TSO and Continue the Trial because: (1) its trial counsel had personal and professional conflicts with the May 2026 trial dates, and (2) good cause existed to continue the trial based on "outstanding expert and testing issues" based on difficulties scheduling depositions of Plaintiff's experts.[8] Plaintiff responded that it was not opposed to a brief 90-120 day continuance if the Court's schedule permitted, but that Mazda did not establish good cause for extending discovery.[9]

4. On April 20, 2026, the Court issued an Order (the "Order") granting Mazda's request to continue the trial but concluded that "[a]ll other dates have expired and

---

[4] *See generally* Second Am. Compl., D.I. 69 ("SAC").
[5] Compl., D.I. 1.
[6] Trial Scheduling Order, D.I. 104 ("TSO").
[7] Order Granting Stip. to Amend the TSO, D.I. 125.
[8] Mazda's Mot. to Amend the TSO and Continue Trial, D.I. 190, ¶¶ 9, 21.
[9] *See generally* Pl.'s Opp. to Mazda's Mot. to Amend the TSO and Continue Trial, D.I. 194.

have not been continued."[10]  The trial was rescheduled for September 28, 2026, with a pre-trial conference date of August 31, 2026.[11]

5. On May 27, 2026, Mazda filed four Notices of deposition of Plaintiff's experts, which included requests for documents.[12]

6. Plaintiff then filed a Motion for a Protective Order on June 10, 2026, asking the Court to preclude "Mazda's unilateral attempt to conduct discovery and depositions in contravention of" the Order, and impose sanctions against Mazda.[13] Mazda's Response in Opposition claims that the discovery requests are "not in contravention of" the Order, and that scheduling issues establish good cause to allow further discovery.[14]

7. Under Superior Court Civil Rule 26(c), where a party shows good cause for doing so, the Court "may enter any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"

8. Here, Mazda's May 27, 2026 discovery requests are in direct contravention of the Order.  The Order read: "The trial date and the pre-trial conference date are

---

[10] Order with Amendments Granting Mazda's Mot. to Amend the TSO and Continue Trial, D.I. 197 ("April 20, 2026 Order").
[11] Amended TSO, D.I. 199.
[12] Notice of Dep. of Ronald J. Fijalkowski, D.I. 205;  Notice of Dep. of Neil Hannemann, D.I. 206; Notice of Dep. of George Meinshein, D.I. 207;  Notice of Dep. of Michael L. Markshewski, D.I. 208.
[13] MPO ¶¶ 11–12.  Defendants Ronald Killen's and Talley Brothers, Inc.'s Response was filed on June 12, 2026, asking that the Court grant Plaintiff's Motion for a Protective Order. *See generally* Killen Resp.
[14] Mazda's Resp. at 1.

continued. All other dates have expired and have not been continued."[15] "All" should be interpreted broadly, like the expansive meaning of "any" as explained by the United States Supreme Court in *Ali v. Fed. Bureau of Prisons*[16] and *Barnhart v. Sigmon Coal Co., Inc.*[17]

9. "All" certainly included depositions and other outstanding discovery issues. Not only is this clear from the language of the Order, but also from the April 22, 2026 Amended TSO, which *only* changes the trial and pre-trial conference dates. The parties have had more than enough time to complete the deadlines in the TSO.

10. Because Mazda's discovery requests are untimely and do not comply with the Order, Plaintiff has shown good cause to preclude Mazda from conducting further discovery.[18] The Court will not, however, impose sanctions on Mazda. In conclusion, Plaintiff's Motion for a Protective Order is **GRANTED**.


**IT IS SO ORDERED.**

*/s/ Calvin Scott*
Judge Calvin L. Scott, Jr.

---

[15] *See generally* April 20, 2026 Order.
[16] 552 U.S. 214, 218–20 (2008).
[17] 534 U.S. 438 (2002).
[18] *See e.g., Fletcher v. Doe*, 2005 WL 1370188, at *2 (Del. Super. May 11, 2005) (granting the defendants' motion for a protective order from the plaintiff's informal and untimely discovery requests).