**Daniel ORIAKHI, Appellant**

v.

**Michael W. CARROLL, Unit Manager;
William Langehennig, Case Manager;
Ms. Brossad, Case Manager Coordinator (CMC); Mr. Odom, Captain; Mr.
Pena, Captain; Ms. Alexandra, Associate Warden; Charles E. Samuels,
Jr., Warden; et al.; Claude Maye, Associate Warden; Laureano Reyes,
Prisoner.**

No. 09–4375.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action

Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 March 4, 2010.

Opinion filed: March 8, 2010.

Daniel Oriakhi, Beaumont, TX, pro se.

Susan J. Steele, Esq., Office of United
States Attorney, Newark, NJ, for Michael
W. Carroll, William Langehennig, Ms.
Brossad, Mr. Odom, Mr. Pena, Ms. Alexandra, Charles E. Samuels, Jr., Claude
Maye, and Laureano Reyes.

Before: FUENTES, JORDAN and
HARDIMAN, Circuit Judges.

OPINION

PER CURIAM.

Daniel Oriakhi appeals the District
Court's order dismissing his civil rights
complaint. For the reasons below, we will

dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

The procedural history of this case and the details of Oriakhi's claims are well known to the parties, set forth in the District Court's thorough opinion, and need not be discussed at length. Briefly, Oriakhi alleged that prison officials kept him in segregation from April 2007 until October 2007 after he had a fight with a cellmate whom he believed had stolen his legal books. Oriakhi alleged that appellee Langehennig did not inventory his personal effects and handcuffed him too tightly. He complained that while in segregation he did not receive legal mail related to a habeas case.

Because Oriakhi is proceeding *in forma pauperis* on this appeal, we must analyze his appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B), we must dismiss an appeal if the action (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary damages from a defendant with immunity. An action or appeal can be frivolous for either legal or factual reasons. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

■ We first address Oriakhi's claim that his prolonged detention violated his rights to due process. In order to demonstrate a violation of the right to procedural due process, a litigant must show (1) that the state deprived him of a protected interest in life, liberty, or property; and (2) that the deprivation occurred without due process of law. *Burns v. PA Dept. of Correction*, 544 F.3d 279 (3d Cir.2008). In *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the Supreme Court held that in a prison setting, protected liberty interests are gener-

ally limited to freedom from restraint that "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." We have held that exposure to the conditions of administrative custody, even for periods as long as 15 months, "falls within the expected parameters of the sentence imposed [on a prisoner] by a court of law." *Griffin v. Vaughn*, 112 F.3d 703, 707 (3d Cir.1997). Here, Oriakhi was only in segregation for seven months. Thus, his allegations fail to state a claim for the denial of due process.

■ As for his claim that he was denied access to the courts, Oriakhi has not alleged any actual injury related to appellees' alleged failure to deliver his legal mail. *See Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). We agree with the District Court that his claim of retaliation is without merit and that appellees are immune from Oriakhi's claim for the failure to inventory his property. *See Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 128 S.Ct. 831, 169 L.Ed.2d 680 (2008). The District Court correctly declined jurisdiction over Oriakhi's state law claims.

For the above reasons, as well as those set forth by the District Court, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).