**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 14, 2010[*]
Decided April 28, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 09-3763

| | |
|---|---|
| McKEITH PEARSON | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 08 C 5652 |
| UNITED STATES OF AMERICA | |
| *Defendant-Appellee*. | Amy J. St. Eve, |
| | *Judge*. |

**O R D E R**

McKeith Pearson, a federal prisoner acting pro se, sought damages from the government under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, among other federal provisions, for the loss and destruction of personal property that Drug Enforcement Agency ("DEA") agents seized during a search of his home. The district court

---

[*] After examining the briefs and the records, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the records. *See* FED. R. APP. P. 34(a)(2)(C).

dismissed all of his claims.  Pearson argues on appeal that the court erred in dismissing his FTCA claim.  We affirm.

In 2000 Pearson was indicted on drug and conspiracy charges in the Northern District of Florida; a warrant from that district was used to effectuate his arrest in Chicago. His indictment included an allegation of forfeiture to the government of his interest in property derived from or used to commit the alleged criminal acts.  *See* 21 U.S.C. § 853(a)(1)-(2).  DEA agents searched his Chicago home and seized several items, including two computers (which Pearson valued at a combined $8,000), software ($800), and a digital scale ($400).  The government used those items as evidence during its prosecution of Pearson in Florida.  He pleaded guilty in 2001 and received a 30-year sentence.

In 2005 Pearson filed a motion in the Northern District of Illinois for the return of the property seized from his home five years earlier.  The government asserted that the property had been disposed of or destroyed and suggested that he file an administrative tort claim with the DEA if he believed compensation was warranted.  In light of the government's assertion, the district court in 2006 dismissed Pearson's motion as moot, and he filed an administrative tort claim with the DEA in May 2007.  When relief was not forthcoming, he filed this suit in November 2008, alleging that the government had been negligent in handling his property and that it had taken his property without compensating him.

The district court dismissed Pearson's suit for lack of subject-matter jurisdiction and for failure to state a claim.[**]  *See* FED. R. CIV. P. 12(b)(1), (6).  The court concluded that it lacked jurisdiction over his FTCA claim because of 28 U.S.C. § 2860(c)—the "detention of goods" exception to the FTCA's waiver of sovereign immunity.  This exception forecloses FTCA claims arising from the unlawful detention of property by law enforcement officers, including the DEA agents who seized Pearson's property.  *See Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 228 (2008).  Pearson argued that the Civil Asset Forfeiture Reform Act of 2000, Pub. L. No. 106-185, 114 Stat. 202 ("CAFRA"), amended the "detention of goods" exception to allow claims like his that were based on a loss of property seized for the purpose of forfeiture.  *See* 28 U.S.C. § 2680(c)(1).  But the court followed the reasoning of *Foster v. United States*, 522 F.3d 1071, 1075, 1077-79 (9th Cir. 2008), and concluded that CAFRA only "re-waived" sovereign immunity when law enforcement officers seized the property *solely* for the purpose of forfeiture; seizure for any other purpose, or even for dual purposes including forfeiture, was not enough to escape the "detention of goods" exception.  Because DEA

[**] Pearson's failed claims under the Fifth Amendment and the Little Tucker Act, 28 U.S.C. § 1346(a)(2), are not at issue on this appeal.

agents seized Pearson's property as evidence for his Florida prosecution, and not solely for forfeiture, CAFRA could not save his claim. The court noted, moreover, that because Pearson pleaded guilty to drug charges that were grounds for forfeiture under 21 U.S.C. § 853, his claim failed under 28 U.S.C. § 2680(c)(4), which foreclosed "re-waiver" to a claimant convicted of a crime for which his property was subject to forfeiture.

On appeal, Pearson challenges the dismissal of his FTCA claim. Section 2680(c)'s "detention of goods" exception to the FTCA's waiver of sovereign immunity bars claims "arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." But CAFRA carved out an exception to the exception—a "re-waiver" of sovereign immunity—that allows claims based on injury or loss of property in the possession of law enforcement officers if four conditions are satisfied:

> (1) the property was seized for the purpose of forfeiture under any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense;

> (2) the interest of the claimant was not forfeited;

> (3) the interest of the claimant was not remitted or mitigated (if the property was subject to forfeiture); and

> (4) the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law.

§ 2680(c)(1)-(4); *see Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 221 (2008).

Pearson renews his argument that the government seized his property for the purpose of forfeiture and that his claim therefore should have been permitted to go forward. To support his contention, he cites the allegation of forfeiture in his indictment. But, as the government argues, nothing in the indictment demonstrates that the DEA ever intended to seek forfeiture of the seized property. The indictment did not specify what was seized and simply stated that the property derived from proceeds of the crimes or used to commit the crimes could be forfeited. According to the docket from Pearson's criminal case, no forfeiture proceedings were ever instituted against the property. Even if we assumed that the DEA seized Pearson's property for the purpose of forfeiture, he cannot claim that

his property was seized *only* for the purpose of forfeiture; his own complaint states that the property was seized as evidence.  *Foster*, then, compels dismissal of his claim.

And even if we were to conclude that CAFRA "re-waiver" could occur when forfeiture was merely *a* purpose—rather than the *only* purpose—of a seizure, Pearson's claim would still fail because of § 2680(c)(4).  As the district court correctly noted, his guilty plea provided grounds for forfeiture under 21 U.S.C. § 853, which directs a court at sentencing to order forfeiture of a defendant's property.  His claim therefore falls outside of CAFRA's exception.  *See Diaz v. United States*, 517 F.3d 608, 613-14 (2d Cir. 2008); *Adeleke v. United States*, 355 F.3d 144, 154 (2d Cir. 2004).

Accordingly, we AFFIRM the judgment of the district court.