NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 29, 2012[*]
Decided April 12, 2012

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-2770

| | |
|---|---|
| FIDELIS I. OMEGBU, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District of |
| | Wisconsin. |
| | |
| *v.* | No. 10-C-0765 |
| | |
| UNITED STATES OF AMERICA, | William E. Callahan, Jr., |
| *Defendant-Appellee.* | *Magistrate Judge.* |

**O R D E R**

Fidelis Omegbu appeals the dismissal of his complaint under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, claiming primarily that immigration officials caused his application for naturalization to be denied by fraudulently placing the arrest record of a third party into his immigration file. We affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Omegbu, a Nigerian citizen, applied for naturalization in 1996 and swore under penalty of perjury in his application, and during an interview with immigration officials, that he had never been arrested. After a routine background check, immigration officials learned that he was arrested in 1994 for theft. Because Omegbu failed to disclose the arrest, immigration officials denied his application in 1997. More than a decade later, Omegbu obtained a copy of his immigration file in response to a request he filed under the Freedom of Information Act. His file contained a one-page report summarizing the criminal history of another person, James Earl Bailey, who had been arrested several times. This report was dated 1999 and apparently had been added to Omegbu's file after the denial of his application for naturalization.

After exhausting his administrative remedies, Omegbu sued the United States under the FTCA, claiming that federal officials denied his application after fraudulently placing Bailey's criminal record in his file and manufacturing the 1994 theft arrest.

A magistrate judge, presiding with the parties' consent, dismissed the suit for lack of subject-matter jurisdiction and for failure to state a claim, *see* FED. R. CIV. P. 12(b)(1), (6). The judge determined that Omegbu's fraud claim squarely fell within the "intentional torts" exception to the FTCA's waiver of the federal government's sovereign immunity, *see* 28 U.S.C. § 2680(h), and that his constitutional tort claims were barred, *see* 28 U.S.C. § 2679(b)(2)(A). The judge concluded therefore that the United States retained sovereign immunity from Omegbu's claims and that it lacked subject-matter jurisdiction to decide the dispute.

Omegbu then filed a motion for reconsideration and mentioned for the first time his grievances with an unrelated social security matter. The district court denied his motion.

Omegbu's arguments on appeal are difficult to discern, but he seems to argue that the United States waived its sovereign immunity under the FTCA for torts against its employees–the immigration officials–and therefore that the district court had subject-matter jurisdiction to decide his fraud claim. But the district court correctly dismissed the claim. Although the FTCA provides a limited waiver of sovereign immunity for claims arising from certain torts committed by federal employees, 28 U.S.C. § 1346(b)(1); *see Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 218 (2008); *Williams v. Fleming*, 597 F.3d 820, 822-23 (7th Cir. 2010), the act expressly excludes intentional tort claims, including "claims arising out of . . . misrepresentation, [and] deceit . . ." 28 U.S.C. § 2680(h); *see United States v. Neustadt*, 366 U.S. 696, 701 (1961). This exception bars claims against the United States for the willful mishandling of records. *See Deloria v. Veterans Admin.*, 927 F.2d 1009, 1012-13 (7th Cir. 1991); *Janowsky v. United States*, 913 F.2d 393, 396-97 (7th Cir. 1990); *Muniz-Rivera v. United States*,

326 F.3d 8, 13 (1st Cir. 2003). Because Omegbu alleged that federal officials deliberately falsified information in his file, his fraud claim is precisely the kind barred by the FTCA's exception for misrepresentation and deceit. *See Deloria*, 927 F.2d at 1012.

Although the dismissal was correct, the claim should have been dismissed not for lack of subject-matter jurisdiction, but instead on the merits. The intentional torts exception is a mandatory rule of decision rather than a restriction on subject-matter jurisdiction. *Williams*, 597 F.3d at 824; *Collins v. United States*, 564 F.3d 833, 838 (7th Cir. 2009).

Last Omegbu challenges the district court's denial of his request on reconsideration to enjoin the Social Security Administration from recovering overpayments. This is not an appropriate argument for purposes of Federal Rule of Civil Procedure 59(e). *See Abcarian v. McDonald*, 617 F.3d 931, 942-43 (7th Cir. 2010).

AFFIRMED.