**Edgar SEARCY, Plaintiff, pro se,**

v.

**The UNITED STATES, Defendant.**

**No. 12–263.**

United States Court of Federal Claims.

July 25, 2012.

---

## ORDER DISMISSING PLAINTIFF'S COMPLAINT

SUSAN G. BRADEN, Judge.

On April 23, 2012, *pro se* Plaintiff Edgar Searcy filed a Complaint in the United States Court of Federal Claims alleging that his property was seized from his prison cell by Federal Bureau of Prisons ("BOP") officials and not properly inventoried and returned to him. On July 9, 2012, the court instructed Plaintiff to file a copy of the BOP's denial of his previously-filed, agency-level Federal Tort Claims Act ("FTCA") claim, so the court could determine whether Plaintiff timely filed for review of BOP's decision in this court, pursuant to the FTCA's six-month statute of limitations. *See* 28 U.S.C. § 2401 (2006) (requiring FTCA claims to be filed "within six months after the date of mailing ... of notice of final denial of the claim by the agency to which it was presented"). The court suggested that if Plaintiff had timely filed the April 23, 2012 Complaint, then it might be "in the interest of justice" to transfer this matter to the United States District Court for the Western District of Louisiana, the court that has jurisdiction to adjudicate FTCA claims brought by prisoners in Oakdale, Louisiana. On July 19, 2012, Plaintiff complied with the court's July 9, 2012 Order by submitting a copy of the BOP's denial of his agency-level FTCA claim.

Remarkably, the BOP's denial of Plaintiff's agency-level FTCA claim, an official government communication regarding Plaintiff's legal rights, is undated. The court, however, is able to determine that Plaintiff's April 23, 2012 Complaint was timely filed, because BOP's undated decision indicates that Plaintiff filed his agency-level claim on January 3, 2012, *i.e.*, four and one-half months prior to the April 23, 2012 Complaint.

Nonetheless, after reviewing the BOP's undated denial, the court has determined that it is not "in the interest of justice" to transfer this case to the United States District Court for the Western District of Louisiana, pursuant to 28 U.S.C. § 1631 (2006), because that court would not have jurisdiction to adjudicate the torts alleged in the April 23, 2012 Complaint. *See Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 241, 128 S.Ct. 831, 169 L.Ed.2d 680 (2008) (holding that the FTCA exception codified at 28 U.S.C. § 2680(c), regarding detention of property by "any officer of customs or excise or any other law enforcement officer," extends to BOP officials, thereby "foreclos[ing] lawsuits against the United States for the unlawful detention of property by any ... law enforcement officers" (internal quotation marks and citation omitted)); *see also Frazier v. Wingo*, 2010 WL 5812798 (W.D.La.2010) (magistrate's recommendation, adopted by court, 2011 WL 590133) (relying on *Ali* for the proposition that the district court did not have jurisdiction to adjudicate a claim for seizure of a prisoner's property by BOP officials because "the United States retains sovereign immunity with regard to a suit for the detention of property").[1] Moreover, the United States District Court for the Western District of Louisiana would not be able to treat Plaintiff's April 23, 2012 Complaint as a *Bivens* claim, *i.e.*, a constitutional tort against the BOP employee

---

1. Although BOP's undated denial does not explain its reasoning, the *Ali* decision undoubtedly explains why BOP considered Plaintiff's FTCA claims for administrative settlement, pursuant to 31 U.S.C. § 3723, rather than for FTCA-related relief. *Ali* explained that the "administrative remedy" provided by 31 U.S.C. § 3723 is the only relief authorized by Congress for prisoners whose property is wrongfully detained. *See Ali*, 552 U.S. at 228 n. 7, 128 S.Ct. 831.

who allegedly destroyed Plaintiff's property, for a violation of Plaintiff's Fourth Amendment rights, because the United States Supreme Court has held that "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." *Hudson v. Palmer*, 468 U.S. 517, 526, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984).

For the foregoing reasons, the court has determined that Plaintiff's April 23, 2012 Complaint must be dismissed, and it is not in the "interest of justice" to transfer this case to the United States District Court for the Western District of Louisiana.

**IT IS SO ORDERED.**