**CLD-194** NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-1269
_____

STEVEN JUDE HOFFENBERG,
acting in (7) Seven TFC Restitution Court Order, Multi Billion Dolar Plaintiff
Constructive Trust, That Must Re-Pay Major State Pension Fund(s), including Over
200,000 Plaintiff Restitution Investor(s) in Securities,
Under Mandated Federal Circuit Law,
Appellant

v.

UNITED STATES OF AMERICA, On Behalf of, The Federal Bureau of Prisons,
B.O.P., in Non-Stop Tort Obstruction Violation(s), Contaminated Entire Time Frame
Stopping The Plaintiff Restitution Repayment(s)

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 10-cv-02788)
District Judge:  Honorable Jerome B. Simandle

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 19, 2011

Before:  RENDELL, FUENTES AND SMITH, Circuit Judges

(Opinion filed:  June 9, 2011)

_____

OPINION
_____

PER CURIAM.

Steven Jude Hoffenberg, a federal inmate in New Jersey, commenced this suit by filing a pro se complaint in which he purported to assert five causes of action under the Federal Torts Claim Act, 28 U.S.C. § 2671 et seq. (FTCA) against the United States of America for torts allegedly committed by Bureau of Prisons' (BOP) staff. The District Court summarily dismissed the complaint. It noted that Hoffenberg had a separate suit pending before another judge in the District of New Jersey, see No. 09-cv-04784, and it found that the other suit "is identical to the instant matter in all substantive respects." Docket # 7 at ¶ 2. The District Court thus dismissed the present complaint sua sponte as "duplicative." Hoffenberg then filed several post-judgment motions, including a timely motion for reconsideration. The District Court denied the motions. Hoffenberg appeals.

We have appellate jurisdiction under 28 U.S.C. § 1291.[1] After a review of the record, we will vacate the order of dismissal and remand for further proceedings. See 3d Cir. LAR 27.4 and I.O.P. 10.6 (summary action is appropriate if an appeal presents "no substantial question"). Hoffenberg's complaint in Civil Action No. 09-cv-04784 asserted claims against individual BOP staff under Bivens v. Six Unknown Named Agents, 403

---

1.    [1]
   Hoffenberg's timely filed motion for reconsideration tolled his time to appeal the order that dismissed his complaint; his notice of appeal was timely filed within thirty days after entry of the order denying the motion for reconsideration. See Fed. Rules of App. P. 4(a)(1)(A) and 4(a)(4)(A)(iv).

U.S. 388 (1971).[2]  His claims in the present suit are ostensibly against the United States of America for damages under the FTCA.  The two suits do not appear "duplicative."

Bivens affords "victims of a constitutional violation by a federal agent … a right to recover damages against the official in federal court despite the absence of any statute conferring such a right."  Carlson v. Green, 446 U.S. 14, 18 (1980).  The FTCA, in contrast, "waived the United States' sovereign immunity for claims arising out of torts committed by federal employees."  Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 217-18 (2008).  The Supreme Court has observed that "Congress views FTCA and *Bivens* as parallel, complementary causes of action," Carlson, 446 U.S. at 20, and it is clear that "[t]he differing standards of the FTCA and *Bivens* may lead to different results."  Ting v. United States, 927 F.2d 1504, 1513 (9th Cir. 1991).  Moreover, while an inmate may not recover damages from both the United States and one of its employees, see 28 U.S.C. § 2679(b)(1), there is no prohibition against a plaintiff filing suit under both legal theories.  See, e.g., Ting, 927 F.2d at 1513 n.10 ("While a plaintiff may maintain both a FTCA and a *Bivens* action, he may not receive double recovery.").

In short, the dismissal of Hoffenberg's FTCA complaint on the ground that it is "identical … in all substantive respects" to his Bivens suit lacks support.  While there may be similar factual allegations in the two suits, the proposed legal theories differ.  Accordingly, we will vacate the order that dismissed the complaint and remand for further

[2] The District Court eventually dismissed the Bivens complaint, and Hoffenberg's appeal of that ruling will be addressed separately by this Court.  See C.A. No. 11-1268.

proceedings. We express no view on the merits. We note that the District Court elected to dismiss the complaint without ruling on Hoffenberg's application to proceed in forma pauperis and did not assess the filing fee. On remand, the District Court should resolve the filing fee issue and screen the complaint in accordance with 28 U.S.C §§ 1915(e)(2)(B) and 1915A.