ALD-034                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3283
_____

STEVEN JUDE HOFFENBERG, acting in (7) Seven
TFC Restitution Court Orders, Multi Billion Dollar Plaintiff Constructive Trusts,
That Must Re-Pay Major State Pension Funds(s), including Over 200,000 Plaintiff
Restitution Investors(s) in Securities, Under Mandated Federal Circuit Law,
Appellant

v.

UNITED STATES OF AMERICA, On behalf of, the Federal Bureau of Prisons,
B.O.P, in Non-Stop Tort Obstruction Violation(s), Contaminated Entire Time
Frame Stopping the Plaintiff Restitution Repayment(s)
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1:10-cv-02788)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 8, 2012

Before:  SLOVITER, VANASKIE and WEIS, Circuit Judges

(Opinion filed: November 15, 2012)
_____

OPINION
_____

1

PER CURIAM.

Steven Jude Hoffenberg, a federal inmate currently incarcerated at FCI Fort Dix in Fort Dix, New Jersey and proceeding pro se, appeals from an order of the United States District Court for the District of New Jersey dismissing with prejudice his medical malpractice claim pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680. Because this appeal does not present a substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R 27.4; I.O.P. 10.6.

Because we primarily write for the parties, we need only recite the facts necessary for our discussion. On June 1, 2010, Hoffenberg filed a complaint in the District Court alleging the following claims: (1) prison officials were violating his right to access the courts by obstructing his ability to speak with attorneys by telephone and by seizing legal documents; (2) he should not have been placed in solitary confinement because of a false incident report; (3) medical negligence; (4) retaliation for his cooperation in an investigation; and (5) interference with his restitution payments and violations of constructive trust law related to those payments.

On July 12, 2010, the District Court ordered that the Clerk of Court administratively terminate Hoffenberg's complaint as duplicative of his suit in Hoffenberg v. Grondolsky, D.N.J. Civ. No. 1:09-cv-04784. Hoffenberg appealed to this Court, and we vacated the dismissal order and remanded for further proceedings in the District Court. Hoffenberg v. U.S. ex rel. Fed. Bureau of Prisons, 430 F. App'x 91 (3d Cir. June 9, 2011). After reopening Hoffenberg's complaint, the District Court dismissed

2

without prejudice his claim regarding medical malpractice and dismissed with prejudice all of Hoffenberg's other claims. Hoffenberg was given leave to file an amended complaint that only made reference to his medical malpractice claim pursuant to the FTCA, and the District Court warned him that any pleading failing to comply with that requirement would be stricken.

Hoffenberg filed a motion to amend his complaint, to which was attached his amended complaint, and a motion to change venue on February 10, 2012. On July 27, 2012, after determining that it lacked jurisdiction over Hoffenberg's medical malpractice claim, the District Court dismissed Hoffenberg's claim with prejudice and denied both motions. Hoffenberg timely filed a notice of appeal, and subsequently filed a motion for summary remand in this Court.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's sua sponte dismissal of Hoffenberg's complaint. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). See id. To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This Court affirms a dismissal for failure to state a claim "only if, accepting all factual allegations as true and construing the complaint in the light

3

most favorable to the plaintiff, we determine that the plaintiff is not entitled to relief under any reasonable reading of the complaint." McGovern v. City of Philadelphia, 554 F.3d 114, 115 (3d Cir. 2009). We may summarily affirm on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

For substantially the same reasons provided by the District Court, we agree with the dismissal of Hoffenberg's FTCA claim. Before instituting an FTCA action in court, a claimant must first present the claim to the appropriate federal agency. 28 U.S.C. § 2675(a). "The requirements that a claimant timely present a claim, do so in writing, and request a sum certain are jurisdictional prerequisites to suit under the FTCA." Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995). Under the FTCA, the plaintiff has the burden of establishing that a proper administrative claim has been presented. See Livera v. First Nat'l State Bank, 879 F.2d 1186, 1195 (3d Cir. 1989).

In his amended complaint, Hoffenberg states that he has filed over 1,400 claim notices with the Bureau of Prisons ("BOP") regarding his medical claims, including his medical malpractice claim. To support this assertion, he attached a letter, dated June 29, 2009, informing him that his administrative tort claim of June 4, 2009 was forwarded to the BOP from the Department of Justice. Hoffenberg restates this argument in his motion for summary remand. However, because this letter does not provide specifics regarding the June 4, 2009 claim, we cannot discern by this letter alone whether Hoffenberg actually submitted a claim notice for his medical malpractice claim.

4

Even assuming that this letter referenced Hoffenberg's medical malpractice claim notice, he has failed to allege a "sum certain amount for injuries or losses alleged to have occurred by reason of the incident." White-Squire v. U.S. Postal Service, 592 F.3d 453, 456 (3d Cir. 2010); see also Adams v. United States, 615 F.2d 284, 292 n.17 (5th Cir. 1980) (the "sum certain" requirement "anticipates that the claim will be for a definite amount"). Here, Hoffenberg's demand for $20 billion is not specific to his medical malpractice claim; rather, it encompasses his other claims previously dismissed by the District Court. Accordingly, because Hoffenberg has failed to meet his burden of demonstrating that the District Court had jurisdiction, his medical malpractice claim was properly dismissed.

For the foregoing reasons, no substantial question is presented and we will affirm the judgment of the District Court.[1] See 3d Cir. L.A.R 27.4; I.O.P. 10.6. We deny Hoffenberg's motion for summary remand.

---

[1] We also will affirm the District Court's denial of Hoffenberg's motions to amend his complaint and to change venue.