# United States Court of Appeals

### For the Eighth Circuit

_____

No. 12-2079

_____

Stephen D. McCrary

*Plaintiff - Appellant*

v.

Kenneth N. Baldwin; Shawne Pernell; Mark Wedlock; Rhonda Tackett; Lori Lakey; John Doe, Functional Unit Manager; John Doe, Superintendent/Designee; Brent Jestes; Mark Parkhurst; Francis; Steve Larkins; Larry Denney; Shawn Pettigrew

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - St. Joseph

_____

Submitted: February 5, 2013
Filed: March 25, 2013
[Unpublished]

_____

Before WOLLMAN, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Stephen McCrary appeals the district court's[1] dismissal of his 42 U.S.C. § 1983 action. This court previously affirmed on all issues except the claim that appellees failed to protect McCrary from harm, as to which briefing was ordered. After reviewing the parties' briefs on the issue, we now affirm.

McCrary's complaint included allegations that in May 2010, Western Missouri Corrections Center (WMCC) inmate Juan Morrin initiated a fight with McCrary and struck him repeatedly with a push-broom, which broke during the fight and became a dangerous instrument; and that Officer Kenneth Baldwin did not attempt to disarm Morrin, but ordered McCrary to get on the ground and cuff up while Morrin still had the weapon. To the extent McCrary's claim is based on Baldwin's conduct, we hold the district court did not err in dismissing the claim. See Hastings v. Wilson, 516 F.3d 1055, 1058 (8th Cir. 2008) (de novo review). This court has held that prison guards have no constitutional duty to intervene in an armed assault of one inmate upon another when intervention would place the guard in danger of physical harm, see Prosser v. Ross, 70 F.3d 1005, 1008 (8th Cir. 1995); Arnold v. Jones, 891 F.2d 1370, 1372-73 (8th Cir. 1989), and McCrary's allegation that Baldwin ordered him to get on the ground and cuff up indicates that Baldwin was trying to stop the altercation. To the extent the claim was based on allegations that the defendants failed to protect him from assault by allowing Morrin to be in the general population, McCrary did not sufficiently allege that Morrin's presence in the general population created an excessive risk of harm to inmate safety, or that defendants knew of such a risk. See Norman v. Schuetzle, 585 F.3d 1097, 1105 (8th Cir. 2009) (prisons are not required to segregate indefinitely inmates who engage in violence while in prison), overruled on other grounds by Pearson v. Callahan, 555 U.S. 223 (2009).

Accordingly, the judgment is affirmed.

_____

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.