**FOR THE TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 17, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

WILLIAM STAPLES,

      Plaintiff-Appellant,

v.

CLAUDE CHESTER, Warden,
USP-Leavenworth; (FNU)
HOLLINGSWORTH, Assistant Warden,
USP-Leavenworth; (FNU) LOFTNESS,
Assistant Warden, USP-Leavenworth;
(FNU) SWANN, Health Administrator,
USP-Leavenworth; (FNU) DRENNAN,
Health Administrator, USP-Leavenworth;
(FNU) MCCULLUM, Doctor,
USP-Leavenworth; (FNU) WEBER,
Dentist, USP-Leavenworth; S. BOOTH,
Counselor, USP-Leavenworth;
(FNU) WETLANDER, Supervisor,
USP-Leavenworth; (FNU) MILDNER,
Unit Manager, USP-Leavenworth;
(FNU) RODRICK, Case Manager,
USP-Leavenworth; (FNU) MCKEE,
Staff Member, USP-Leavenworth;
(FNU) HARRIS, Correctional Officer,
USP-Leavenworth; (FNU) CARDINAL,
Correctional Officer, USP-Leavenworth;
UNITED STATES OF AMERICA;
(FNU) SPEARS Correctional Officer,
USP-Leavenworth,

      Defendants-Appellees.

No. 12-3093
(D.C. No. 5:08-CV-03233-SAC)
(D. Kan.)

## ORDER AND JUDGMENT[*]

Before **McKAY**, **BALDOCK**, and **O'BRIEN**, Circuit Judges.

William Staples brought this pro se prisoner suit under the Federal Tort Claims Act, ("FTCA"), 28 U.S.C. § 2671 *et seq.*, and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] He challenged the conditions of his confinement, including his diet and medical and dental care, and also alleged claims for property loss, mail-handling irregularities, and medical malpractice. The district court dismissed most of the claims for failure to exhaust administrative remedies, and dismissed or granted defendants summary judgment on the rest. Staples appeals to this court for relief. We affirm.[2]

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We afford Staples' pro se materials a liberal construction. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

[2] Our jurisdiction derives from 28 U.S.C. § 1291.

The parties are familiar with the facts, and we will not repeat them here. The district court dismissed all of Staples' *Bivens* claims and most of his FTCA claims because he failed to fully exhaust his administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002) (requiring exhaustion of *Bivens* claims); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (requiring exhaustion of FTCA claims). Of the remaining FTCA claims, the court dismissed for lack of jurisdiction the claim for property losses because it fell under an exemption of the FTCA for losses arising while in federal detention. *See* 28 U.S.C. § 2680(c) (providing an exemption to waiver for "[a]ny claim arising in respect of . . . the detention of any . . . property by any . . . law enforcement officer"). It also granted summary judgment on the negligent mail-handling claim because the prison mail procedures were governed by and compliant with the policies established by the Bureau of Prisons. *See* 28 C.F.R. § 540.18(a)-(b) (providing criteria by which prison staff must open mail in presence of inmate). Additionally, the court entered summary judgment on the medical malpractice claim because, under Kansas law, the treatment of his chronic health problems revealed no breach of duty. Finally, it dismissed the claims brought against two dental professionals in their individual capacities, concluding they were immune from suit as public health service employees. *See* 42 U.S.C. § 233(a) (designating the remedy against the United States under 28 U.S.C. § 1346(b) and § 2672 as the exclusive remedy for injuries caused by public health service employees while acting within the scope of their duties).

"We review de novo the district court's finding of failure to exhaust administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). The dismissal for lack of subject matter jurisdiction is reviewed de novo as well. *Colo. Envtl. Coal. v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004). So is the summary judgment, which "is proper if, viewing the evidence in the light most favorable to the non-moving party, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Peterson v. Martinez*, 707 F.3d 1197, 1207 (10th Cir. 2013).

We have reviewed the parties' appellate materials, the record on appeal, and the relevant legal authorities, and agree with the district court's analysis. To the extent Staples suggests his failure to fully exhaust may be excused because he substantially complied with the exhaustion requirement, the Supreme Court has made clear that proper exhaustion is required. *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006). Staples suggests his claim for property loss may be brought pursuant to the FTCA because prison staff are not "law enforcement officers" under 28 U.S.C. § 2680(c), but the Supreme Court has already rejected that argument. *See Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 218 (2008). Staples' other arguments are unavailing.

We affirm the district court's judgment for substantially the same reasons it articulated in the order dated March 23, 2012. Staples' motion to file a late reply

- 4 -

brief is granted.  He is reminded to continue making partial payments until his filing and docketing fees are paid in full.

Entered for the Court


Terrence L. O'Brien
Circuit Judge