# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50392

United States Court of Appeals
Fifth Circuit

**FILED**
November 29, 2018

Lyle W. Cayce
Clerk

FRANCISCO PEREA,

Plaintiff - Appellant

v.

UNITED STATES OF AMERICA; UNITED STATES BUREAU OF PRISONS,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:18-CV-190

Before SMITH, HIGGINSON, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Francisco Perea, federal prisoner # 12117-031, brought a claim under the Federal Tort Claims Act (FTCA) against the United States and the United States Bureau of Prisons for misplacing his possessions when he was transferred between federal correctional institutions. The district court dismissed for lack of jurisdiction pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 2680(c). Perea now moves this court for leave to proceed in forma pauperis (IFP) on appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50392

To proceed IFP, Perea must demonstrate financial eligibility and a nonfrivolous issue for appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). In determining whether a nonfrivolous issue exists, this court's inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). "[W]here the merits are so intertwined with the certification decision as to constitute the same issue," we may deny the IFP motion and dismiss the appeal *sua sponte* if it is frivolous. *Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); *see* 5TH CIR. R. 42.2.

The FTCA is a limited waiver of the Government's sovereign immunity and permits suits against it for certain tort claims. 28 U.S.C. § 2674. However, exceptions in § 2680 preserve the Government's sovereign immunity. *See Tsolmon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016). If an exception applies, the FTCA claim is barred, and a federal court lacks subject matter jurisdiction over the claim. *See Campos v. United States*, 888 F.3d 724, 730 (5th Cir. 2018), *petition for cert. filed* (Aug. 22, 2018) (No. 18-234).

Subsection (c) of 28 U.S.C. § 2680 preserves the Government's sovereign immunity against "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by . . . any other law enforcement officer." The Supreme Court has interpreted this provision to cover prison staff accused of negligently misplacing prisoners' possessions. *See Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 215–17 (2008). Accordingly, Perea has not demonstrated that he will raise a nonfrivolous issue on appeal.

Accordingly, Perea's motion to proceed IFP is DENIED and the appeal is DISMISSED as frivolous. *Howard*, 707 F.2d at 220; *see Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

2