[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-13123

Non-Argument Calendar

_____

DONOVAN G. DAVIS, JR.,

Plaintiff-Appellant,

*versus*

ROY DOTSON, JR.,
individually,
KARA WICK,
individually,
ANDREW BAZEMORE,
individually,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cv-02235-CEH-TGW

_____

Before WILSON, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Donovan Davis, Jr., appeals the dismissal of his pro se civil complaint, filed pursuant to *Bivens v. Six Unknown Narcotic Agents*, 403 U.S. 388 (1971), against United States Secret Service agents Andrew Bazemore and Roy Dotson, Jr., and Assistant United States Attorney Kara Wick. We conclude that Davis failed to state a *Bivens* claim against the defendants, and we therefore affirm.

## I.

In his complaint, Davis alleged that Bazemore and Dotson destroyed his personal property, after receiving authorization from Wick, by erasing electronic data from a hard drive he owned that had been seized pursuant to a grand jury subpoena and stored in a Secret Service vault. Davis alleged that by intentionally and wrongfully destroying the data, the defendants violated his Fifth Amendment rights and their constitutional duty of care for his property.

The defendants moved to dismiss Davis's complaint for failure to state a claim. The district court granted their motions and dismissed the complaint, explaining that the Supreme Court has not authorized an implied cause of action under *Bivens* for Fifth Amendment property-damage claims or a constitutional "duty of care" for property, and expanding *Bivens* to encompass Davis's claims was not warranted because Davis had alternate remedies. Davis appealed.

## II.

We review the district court's grant of a motion to dismiss for failure to state a claim de novo, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

In *Bivens*, the Supreme Court inferred a private cause of action for damages against federal officers for alleged violations of the plaintiff's Fourth Amendment rights. *Bivens*, 403 U.S. at 397. The Court later extended the implied remedy it recognized in *Bivens* to two additional contexts: a sex discrimination claim under the Fifth Amendment Due Process Clause and an Eighth Amendment claim alleging cruel and unusual punishment. *See Davis v. Passman*, 442 U.S. 228 (1979); *Carlson v. Green*, 446 U.S. 14 (1980).

Since 1980, however, the Supreme Court has made clear that further expansion of *Bivens* is "disfavored." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). It has therefore "consistently refused to extend *Bivens*

4                        Opinion of the Court                    20-13123

to any new context or new category of defendants." *Id.* (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001)).

When evaluating a plaintiff's proposed *Bivens* claim, we engage in a two-step inquiry. *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020). First, we ask whether the claim arises in a new context or involves a new category of defendants. *Id.* That is the case here—Davis concedes, and we agree, that his Fifth Amendment property claims are "different in a meaningful way from previous *Bivens* cases decided by" the Supreme Court. *Id.* (quoting *Abbasi*, 137 S. Ct. at 1859).

If the plaintiff seeks to bring a *Bivens* claim in a new context, we proceed to the second step and consider whether any "special factors" exist that "counse[l] hesitation" about creating a new *Bivens* cause of action for plaintiff's claim. *Id.* (alteration in the original). At this stage of the inquiry, "separation-of-powers principles are or should be central to the analysis." *Abbasi*, 137 S. Ct. at 1857. If "there are sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy as part of the system for enforcing the law and correcting a wrong, the courts must refrain from creating the remedy in order to respect the role of Congress in determining the nature and extent of federal-court jurisdiction under Article III." *Id.* at 1858. And in "a related way, if there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action." *Id.*; *see Malesko*, 534 U.S. at 70 (noting that the Court has implied a *Bivens* action only "to provide an otherwise

20-13123          Opinion of the Court               5

nonexistent cause of action" or where the plaintiff "lacked *any alternative remedy* for harms caused by an individual officer's unconstitutional conduct" (emphasis in the original)).

Here, Congress has provided at least one alternative means for Davis to seek compensation for the destruction of his property: by statute, the Attorney General may settle claims up to $50,000 for loss of private property caused by Justice Department investigative or law enforcement employees acting within the scope of their employment.  31 U.S.C. § 3724.  The fact that a settlement under the statute may not fully compensate Davis for his lost data—which he says was worth around $100,000—does not justify the expansion of *Bivens* to a new context.  *See Schweiker v. Chilicky*, 487 U.S. 412, 425–29 (1988) (refusing to extend *Bivens* to provide damages remedy for denial of Social Security benefits even though remedies available under the Social Security Act did not provide "complete relief").

On appeal, Davis argues that he cannot pursue a settlement with the Attorney General because the government has not certified that the defendants were acting within the scope of their employment when they destroyed his property.  This argument is misplaced.  Davis cites 28 U.S.C. § 2679(d), which provides for the substitution of the United States as defendant in a Federal Tort Claims Act suit if the Attorney General certifies that the defendant federal employee was acting within the scope of his employment at the time of the incident from which the claim arose.  Section 2679(d) does not apply to claims for settlement by the Attorney General

under 31 U.S.C. § 3724, and the lack of certification under § 2679(d) does not preclude Davis from pursuing a settlement for the destruction of his property if he wishes to do so.

It is also significant that while Congress has created one avenue for claimants to recover for the loss or destruction of property by federal law enforcement officers, it has explicitly closed another by barring claims like Davis's under the Federal Tort Claims Act. 28 U.S.C. § 2680(c) (FTCA waiver of sovereign immunity does not apply to claims against law enforcement officers "arising in respect of" the "detention" of property); *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 216, 227–28 (2008) (section 2680(c) bars FTCA claims against law enforcement officers for the loss of property).  This existing legislation is enough to convince us that extending *Bivens* to create an additional damages remedy for Davis's claims is neither necessary nor appropriate.

## III.

We conclude that Davis failed to state a *Bivens* claim against the defendants because the Supreme Court has not previously approved a cause of action under *Bivens* for property claims, and "there are sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy" in this context. *Abbasi*, 137 S. Ct. at 1858.  We therefore affirm the district court's dismissal of Davis's complaint for failure to state a claim.

**AFFIRMED.**